UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| DAYMON MAURICE BUSH, | ) |
| Petitioner, | ) No. 6:24-CV-005-REW |
| V. | ) |
| J. GILLEY, | ) OPINION & ORDER |
| Respondent. | ) |

*** *** *** ***

Federal inmate Daymon Maurice Bush filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the calculation of his sentence by the federal Bureau of Prisons (BOP). *See* DE 1; DE 9. Warden Gilley filed a timely response to Bush's petition. *See* DE 14. Bush then filed a document titled "Attachment to the 28 U.S.C. § 2241 Motion," which the Court construes as a reply in further support of his petition. *See* DE 16. The matter is thus ripe for review. For the following reasons, the Court **DENIES in part** Bush's petition, and requires further briefing from the Warden on the remaining claims.

In July 2019, Bush was arrested in Birmingham, Alabama, and charged with attempted murder in Jefferson County Case No. DE19-7180. *See* DE 14-3 at 6 (Booking Card). As a result of that charge, Bush's probation was revoked in Jefferson County Case No. CC2018-1140 (receiving stolen property), and on September 23, 2019, he was sentenced to 100 months in jail in Case No. CC2018-1140. *See* DE 14-4 at 1–4 (Inmate Summary).

On October 29, 2019, Bush was charged with one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g) in the United States District Court for the Northern District of Alabama. *See United States v. Bush*, 2:19-CR-573-CLM-HNJ (N.D. Ala.

1

2019). Alabama temporarily relinquished Bush to federal authorities pursuant to a writ of habeas corpus *ad prosequendum* on November 8, 2019. *See* DE 14-7 (Writ); DE 14-8 (Individual Custody/Detention Report). Bush pled guilty to the § 922(g) charge and, on June 4, 2020, was sentenced to 57 months' imprisonment, set to "run concurrently with the sentence imposed in Jefferson County, Alabama, Case CC 18-1140" and "consecutively to any yet-to-be imposed sentence in Jefferson County, Alabama Case DC 19-7180." *See* DE 14-9 at 2 (Judgment). Bush was returned to the physical custody of state officials on July 24, 2020. *Id.* at DE 19.

On January 8, 2021, Bush was "released" in Jefferson County Case No. CC18-1140 but remained in state custody pending the outcome of Jefferson County Case No. DC19-7180. *See* DE 14-4 at 1. Then, on March 3, 2022, Bush was sentenced in Jefferson County Circuit Court, Case No. CC2020-1472 (previously DC19-7180) to fifteen years in custody for attempted assault, to run concurrently with all cases. *See* DE 14-10 at 8–10 (SJIS Case Detail). The Alabama court ordered Bush to serve two years in the Alabama Department of Corrections, with the remainder of the sentence suspended. *See id.* at 10. Bush completed his state custodial sentences on March 22, 2022, and was released into federal custody to begin serving his 57-month federal sentence. *See* DE 14-11 (Release Receipt).

Bush raises three grounds for relief in his habeas petition. First, he claims that he should be given credit on his federal sentence for time spent in the physical custody of federal officials pursuant to the writ of habeas corpus *ad prosequendum*. Second, Bush raises the related claim that the BOP erred when it did not *nunc pro tunc* designate the state facility as the place of commencement of his federal sentence. Third, Bush contends that he is entitled to prior custody credits pursuant to the doctrines announced in *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) and *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993). Bush also alleges that the BOP initially

2

awarded him *Willis* and/or *Kayfez* credits but removed them in retaliation for his request for additional credits.

The BOP prepared a sentence computation for Bush's 57-month term of confinement. *See* DE 14-2 (Sentence Computation). It determined that Bush had exceeded his sentence in Case No. CC2020-1472 by 31 days and was thus entitled to 31 days of custody credit. *See id.* at 3. However, it found that the time Bush spent in federal custody pursuant to the writ of habeas corpus *ad prosequendum* had already been credited against his state sentences and therefore could not be credited against his federal sentence. *See* DE 14-1 ¶ 17, at 6 (Y. Gordon Decl.).

Calculation of a federal prisoner's sentence, including both its commencement date and any credits for custody before the sentence is imposed, is governed by federal statute:

> (a) COMMENCEMENT OF SENTENCE.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) CREDIT FOR PRIOR CUSTODY.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>   (1) as a result of the offense for which the sentence was imposed; or
>   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585. To properly compute a federal sentence, two determinations must be made: (1) the date on which the sentence commenced, and (2) the extent to which a defendant may receive credit for time spent in custody prior to the date on which the sentence commenced. *See id.*

The state of Alabama acquired primary jurisdiction over Bush when it arrested him for the charge of attempted murder on July 8, 2019. *See United States v. Collier*, 31 F. App'x 161, 162 (6th Cir. 2002); *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005) (observing that "primary jurisdiction over a person is generally determined by which [sovereign] first obtains custody of, or

3

arrests, the person"). Bush was transferred to federal authorities on a writ of habeas corpus *ad prosequendum* on November 8, 2019, and he remained in federal secondary custody until he was returned to state officials on July 24, 2020. During that time, Bush was effectively on loan to the United States Marshals Service from Alabama authorities, who retained primary jurisdiction over him. *See United States v. White*, 874 F.3d 490, 507 (6th Cir. 2017). Bush remained in state custody until March 22, 2022, when it was determined that his state sentences had expired. His 57-month federal sentence thus commenced on March 22, 2022, the date he was received into exclusive federal custody.

Bush does not appear to contest the March 22, 2022 commencement date of his sentence calculation. Rather, he contends that he is entitled to prior custody credit beginning on November 8, 2019, and concluding on July 24, 2020. But during this time, Bush was still serving his state sentence and was merely on loan from the state. And a defendant may be awarded credit against a federal sentence for prior time served only if the time "has not been credited against another sentence." 18 U.S.C. § 3585(b). The time period in which Bush was on loan to federal authorities was applied to his state sentences. *See* DE 14-1 ¶ 17, at 6. Accordingly, it cannot be counted toward his federal sentence. *See United States v. Wilson*, 112 S. Ct. 1351, 1355–56 (1992); *Broadwater v. Sanders*, 59 F. App'x 112, 114 (6th Cir. 2003) (discussing prohibition against double credit).

Bush also contends that the BOP erred by failing to grant him *nunc pro tunc* designation pursuant to *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), or prior custody credits under *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) and *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993). The Warden's response fails to address these arguments. Instead, the Warden reports in a footnote that the BOP cannot fully comply with the federal court's judgment due to the overlapping state

4

sentences. *See* DE 14 at 4 n.1. Specifically, the Warden states "it is not possible for the federal sentence to run both concurrently with the sentence in Case Number CC2018-1140 and consecutively to the sentence in Case Number CC2020-1472." *Id.* The Warden further reports that the BOP has contacted the sentencing court to determine its position regarding this issue. *See id*.

The Court lacks sufficient information to resolve Bush's claims regarding *nunc pro tunc* designation and *Willis* and/or *Kayfez* credits. Accordingly, the Warden will be directed to tender a supplemental response addressing these issues. The Warden's response should explain his position on the merits of these arguments and indicate whether he believes Bush has fully exhausted his administrative remedies with respect to these issues. Additionally, the supplemental response shall include an update regarding the Warden's communications with the federal sentencing court concerning the issue described in footnote 1 of the Warden's response, and any postural change based on those communications.

Based on the foregoing analysis, it is hereby **ORDERED** as follows:

1. Bush's § 2241 claim seeking "jail credit" for the period of November 8, 2019 through July 24, 2020 is **DENIED**.

2. The Warden is directed to file a supplemental response addressing the remaining issues described herein within **THIRTY (30) days** of this Order. The Court will assess the record then and may grant Bush a final word on the matter.

This the 6th day of November, 2024.



Signed By:
<u>Robert E. Wier</u>    *REW*
**United States District Judge**