UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| DAYMON MAURICE BUSH, | ) |
| Petitioner, | ) No. 6:24-CV-005-REW |
| v. | ) |
| | ) MEMORANDUM ORDER |
| J. GILLEY, | ) |
| Respondent. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Before the Court is federal inmate Daymon Maurice Bush's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* DE 1; DE 9. The Court previously denied Bush's claim that he is entitled to credit on his federal sentence for time spent in the physical custody of federal officials pursuant to a writ of habeas corpus *ad prosequendum*. *See* DE 24 at 3–4 (Opinion & Order). However, Bush's claims regarding *nunc pro tunc* designation and *Willis*/*Kayfez* credits remained pending. *See id.* at 5. The Court directed Bush and Respondent J. Gilley to file supplemental briefing on these claims, and both parties complied. *See* DE 26 (Gilley Response); DE 28 (Bush Reply). These claims are thus ripe for review.

To recap, in July 2019, Bush was arrested in Birmingham, Alabama, and charged with attempted murder in Jefferson County Case No. DE19-7180. *See* DE 14-3 at 6 (Booking Card). As a result of that charge, Bush's probation was revoked in Jefferson County Case No. CC2018-1140 (receiving stolen property), and on September 23, 2019, he was sentenced to 100 months' imprisonment in Case No. CC2018-1140. *See* DE 14-4 at 1–4 (Inmate Summary).

On October 29, 2019, Bush was charged with one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g) in the United States District Court for

1

the Northern District of Alabama. *See United States v. Bush*, No. 2:19-CR-573-CLM-HNJ (N.D. Ala. 2019). In November 2019, federal authorities "borrowed" Bush pursuant to a writ of habeas corpus *ad prosequendum* and proceeded on the § 922(g) charge. *See* DE 14-7 (Writ); DE 14-8 (Custody/Detention Report). Bush ultimately pleaded guilty, and, on June 4, 2020, he was sentenced to 57 months' imprisonment, set to "run concurrently with the sentence imposed in Jefferson County, Alabama, Case CC 18-1140" and "consecutively to any yet-to-be imposed sentence in Jefferson County, Alabama Case DC 19-7180." *See* DE 14-9 at 2 (Judgment). Bush was returned to the physical custody of state officials on July 24, 2020. *Id.* at DE 19. He subsequently completed his state custodial sentences on March 22, 2022, at which point he was released into federal custody to begin serving his 57-month federal sentence. *See* DE 14-11 (Release Receipt).

Bush contends that the Bureau of Prisons (BOP) erred when it failed to *nunc pro tunc* designate the facility where he served his state sentences as the place of commencement of his federal sentence. *See Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990); 18 U.S.C. § 3621(b). He also argues that he is entitled to prior custody credits under *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) and *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993). Respondent Gilley asserts that Bush did not raise either of these issues through the administrative remedy program set forth at 28 C.F.R. §§ 542.13–15. *See* DE 26. Gilley also provides the declaration of Yvonne Gordon, BOP Corrections Program Specialist, who reports that Bush did not exhaust administrative remedies regarding his request for *nunc pro tunc* designation or *Willis*/*Kayfez* credits. *See* DE 26-1 (Y. Gordon Declaration).

Bush does not contest Gilley's assertions, but rather states that he did not know he was required to include requests for *nunc pro tunc* designation and *Willis*/*Kayfez* credits in his

2

administrative remedy requests. *See* DE 28. However, requests for *nunc pro tunc* designation and *Willis*/*Kayfez* credits are conceptually distinct from a request for time credit for a period spent in the physical custody of federal officials pursuant to a writ of habeas corpus *ad prosequendum*. For instance, the BOP considers the factors set forth in 18 U.S.C. § 3621(b) and BOP Program Statement 5160.05 to determine whether a *nunc pro tunc* designation should be granted in a particular case. *See Torres v. Joyner*, No. 7:22-cv-111-REW, 2023 WL 7300742, at *3 (E.D. Ky. Nov. 6, 2023). And *Willis* credit involves the consideration of two criteria (*i.e.*, (i) the state and federal sentences must be concurrent and (ii) the federal sentence must run longer than the state sentence), while *Kayfez* credit "involves detailed mathematical computations of the Raw Expiration Full Term ('EFT') dates of both the federal and state sentences." *See Wright v. Hogsten*, No. 6:10-cv-58-GFVT, 2010 WL 1995011, at *6 (E.D. Ky. May 19, 2010),

A prisoner must fully exhaust his administrative remedies within the BOP before seeking habeas relief under § 2241. *See Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006) (citing *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999)). And a prospective litigant must present his administrative grievance in such a manner that it gives the BOP a full and fair opportunity to adjudicate his claims. *See Knutson v. Levitt/Gilley*, No. 6:24-cv-95-GFVT, 2024 WL 3826127, at *2 (E.D. Ky. Aug. 13, 2024) (quoting *Woodford v. Ngo*, 126 S. Ct. 2378, 2385 (2006)). Doing so provides the BOP with an opportunity to consider the issues and correct any mistakes before it is brought into court. *See id.* Accordingly, the Court **DENIES** Bush's claims regarding *nunc pro tunc* designation and *Willis*/*Kayfez* credits **without prejudice** so that he may raise them through the BOP's Administrative Remedy Program, if he wishes.

Based on the foregoing, the Court **ORDERS** as follows:

3

1. Bush's § 2241 claims seeking *nunc pro tunc* designation and *Willis/Kayfez* credits designation are **DENIED WITHOUT PREJUDICE**.

2. The Court will enter a corresponding Judgment.

This the 4th day of March, 2025

Signed By:
*Robert E. Wier*
United States District Judge